UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARNELL BEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25 CV 721 RWS ) |
| JP MORGAN CHASE & CO., | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Pro se Plaintiff Darnell Bey brings this action against Defendant JP Morgan Chase & Co. ("JPMC"), alleging breach of contract and dishonor of a negotiable instrument. JPMC moves to dismiss Bey's complaint for failure to state a claim, FED. R. CIV. P. 12(b)(6), and lack of subject-matter jurisdiction, FED. R. CIV. P. 12(b)(1). For the reasons discussed below, JPMC's motion will be granted.

## BACKGROUND

Taken as true for the purpose of this motion, Bey alleges the following facts in his complaint. Bey maintains a JPMC credit card account ending in #8140. On January 31, 2025, Bey entered into a "Security Agreement" with himself as "Debtor" and his trust as "Creditor/Agent/Secured Party." *See* ECF No. 1-5. Bey provided his trust a security interest in the collateral described therein and access to a $900

billion "Fidelity Bond." *Id.* at 1.  The "Collateral List" includes his JPMC credit card account. *Id.* at 2.

On April 10, 2025, Bey sent an "Interest Claim Notice" to JPMC instructing JPMC to transfer "the Principal's balance to Principal's account ending in #8140 for set-off every billing-cycle." ECF No. 1-4 at 1.  Bey sent second and third "notices" on April 18, 2025 and April 29, 2025. *Id.* at 4, 6.

Bey filed this action on May 16, 2025.  He alleges that he maintains a "revolving credit account" with JPMC, that he received a billing statement from JPMC, and that he returned that billing statement as a "negotiable instrument"[1] pursuant to UCC §§ 3-603 and 3-301 "intending full discharge of the obligation." ECF No. 1-8 at ¶¶ 5–7.  He alleges that JPMC failed to apply the instrument, resulting in breach of contract and dishonor of a negotiable instrument.  He seeks damages and a declaration that his credit card debt has been satisfied.

On June 11, 2025, JPMC moved to the dismiss the case for failure to state a claim and lack of subject-matter jurisdiction.  On June 30, 2025, Bey moved to amend/correct the complaint to clarify the real party in interest as his trust and to expand on his allegations.

---

[1] As explained further in Section B, a negotiable instrument is a writing, payable to order, that promises to pay a fixed amount of money. *See Keller v. PennyMac Loan Servs., LLC*, No. 3:24-cv-05041-MDH, 2024 WL 4980793, at *2 (W.D. Mo. Dec. 4, 2024).

2

## LEGAL STANDARD

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint. In ruling on such a motion, I must accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff. *Hager v. Arkansas Dep't. of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013). But I may not "presume the truth of legal conclusions couched as factual allegations." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although I also must generally ignore materials outside the pleadings, I may consider "materials that are necessarily embraced by the pleadings and exhibits attached to the complaint." *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n. 4 (8th Cir. 2003).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff need not provide "detailed factual allegations" but must provide "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face when the plaintiff pleads sufficient facts to allow me to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This requires a complaint to contain enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A threadbare recital of the elements of a cause of action, supported merely by conclusory allegations, is not sufficient. *Iqbal*, 556 U.S. at 678.

3

Pro se complaints are to be liberally construed. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, pro se pleadings must still allege facts which, if true, state a claim for relief as a matter of a law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

## DISCUSSION

Bey's complaint alleges that JPMC breached a contract and dishonored a negotiable instrument by refusing to accept his signed billing statements as payment for his credit card debt. He seeks declaratory and injunctive relief. JPMC moved to dismiss the complaint for failure to state a claim and lack of subject-matter jurisdiction. Bey then moved to amend his complaint, which JPMC opposes.

Courts in this district have dismissed claims similar to Bey's. For example, in *Hurt v. Exeter Finance, LLC*, No. 4:23-CV-1285 JSD, (E.D. Mo.), Hurt sued over a payment dispute regarding a financing agreement with Exeter Finance. Hurt alleged that he sent Exeter Finance "'multiple notices' to 'apply the principals' balance to the 'principals account for set off'" and that Exeter Finance ignored the notices. *Hurt v. Exeter Fin., LLC*, No. 4:23-CV-1285 JSD, 2023 WL 8088601, at *1 (E.D. Mo. Nov. 21, 2023). The court dismissed Hurt's claims, noting his past

4

litigious conduct and meritless legal theories.² *Hurt v. Exeter Fin., LLC*, No. 4:23-CV-1285 JSD, 2023 WL 7181671, at *3 (E.D. Mo. Nov. 1, 2023). That court later denied Hurt's post-dismissal motion to amend his complaint and emphasized that "[o]ne cannot pay debt by writing 'pay to the bearer' and 'accepted' on a piece of paper, nor turn such into an agreement or a 'security instrument.'" *Hurt*, 2023 WL 8088601, at *5.

Since May 2023, Bey has filed at least seven lawsuits in this district.³ Four of them have been dismissed for failure to state claim or lack of subject-matter jurisdiction.⁴ His claims in six of the cases resemble the ones here against JPMC. For example, in one case, Bey applied for financing from BMW Financial Services. *See Bey v. BMW Fin. Servs.*, No. 4:25-CV-351 MTS, ECF No. 3 at 2 (E.D. Mo.). Like here, Bey requested that his balance be transferred for "set off" and began sending "Interest Claim Notices." *Id.* After his application was denied, Bey sued

---

² Like Bey here, Hurt had previously sued Exeter Finance under a negotiable instrument theory, basing his arguments on the Uniform Commercial Code. *See Hurt v. Exeter Fin., LLC*, No. 4:23-CV-836 HEA (E.D. Mo.). That case was dismissed on August 25, 2023. *See id.*

³ *See Bey v. N. Cnty. Coop. Police. Dept.*, 4:25-CV-1027 HEA (E.D. Mo.) *Bey v. JP Morgan Chase & Co.*, No. 4:25-CV-721 RWS (E.D. Mo.); *Bey v. BMW Fin. Servs.*, No. 4:25-CV-351 MTS (E.D. Mo.); *Bey v. BMW Fin. Servs.*, NA, No. 4:24-CV-450 RHH (E.D. Mo.); *Bey v. Capital One, N.A.*, No. 4:24-CV-449 RHH (E.D. Mo.); *Bey v. Citibank, N.A.*, 4:23-CV-1715 RLW (E.D. Mo.); *Bey v. Electro Savings Credit Union*, 4:23-CV-677 RLW (E.D. Mo.).

⁴ See *BMW Fin. Servs.*, NA, No. 4:24-CV-450 RHH; *Capital One, N.A.*, No. 4:24-CV-449 RHH; *Citibank, N.A.*, 4:23-CV-1715 RLW; *Electro Savings Credit Union*, 4:23-CV-677 RLW.

5

BMWFS for breach of contract and BMWFS filed a motion to dismiss, which is pending.

Having reviewed and liberally construed the complaint and its attachments, and having considered Bey's pattern of litigation in this district, *see Hurt*, 2023 WL 7181671, at *3, I find that Bey's complaint should be dismissed for the reasons below.

**A. Bey fails to state a claim for breach of contract.**

To plead a claim for breach of contract in Missouri, a plaintiff must allege "(1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff." *Keveney v. Missouri Mil. Acad.*, 304 S.W.3d 98, 104 (Mo. banc 2010).

Here, the only valid contract existing between the parties is a Credit Card Agreement.[5] The complaint and its exhibits show that Bey attempted to satisfy his credit card debt by signing his billing statements and returning them to JPMC as "negotiable instruments." However, the Credit Card Agreement contains specific instructions as to how Bey can pay his credit card debt to JPMC. To make payment, Bey was required to "follow the payment instructions on [his] billing statement" and

---

[5] The Security Agreement also does not establish breach of contract because JPMC is not a party and is not bound by its terms. *See, e.g., Finney v. Nat'l Healthcare Corp.*, 193 S.W.3d 393, 396 (Mo. Ct. App. 2006).

6

make a payment by "check, money order, or electronic payment drawn on a U.S. bank or foreign bank backed in the U.S." ECF No. 10-1 at 3. The Credit Card Agreement does not permit Bey to pay his debt with signed billing statements or require JPMC to accept those signed billing statements as payment, and Bey does not allege that JPMC communicated an unequivocal, positive, and ambiguous acceptance of the billing statements as payment. *See Katz v. Anheuser-Busch, Inc.*, 347 S.W.3d 533, 544–45 (Mo. Ct. App. 2011) (citation omitted) (stating that "for an acceptance to effective it must be 'positive and unambiguous'" and "silence generally cannot be translated into acceptance").⁶ As a result, this claim will be dismissed.

### B. Bey fails to state a claim for dishonor of a negotiable instrument.

A "'negotiable instrument' means an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order if it:

(1) is payable to bearer or to order at the time it is issued or first comes into possession of a holder;

(2) is payable on demand or at a definite time; and

---

⁶ Bey argues in a supplemental notice that JPMC is barred objecting to his allegations under "estoppel by acquiescence." *See* ECF No. 5. However, the doctrine of estoppel by acquiescence is founded in the notions of fraud and does not apply here, as JPMC did not and had no obligation to accept Bey's billing statements as payment. *See, e.g.*, *Farmland Indus., Inc. v. Bittner*, 920 S.W.2d 581, 583 (Mo. Ct. App. 1996) ("The doctrine of equitable estoppel is not a favorite of the law and will not be applied lightly."); *Tennent v. Union Cent. Life Ins. Co.*, 112 S.W. 754, 761 (Mo. Ct. App. 1908).

7

>   (3) does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

*Keller*, 2024 WL 4980793, at *2 (quoting Mo. Ann. Stat. § 440.3-104(a)); *see also* Holder in due course defined—Negotiable instrument defined, 1 Mo. Prac., Methods of Prac.: Transact. Guide § 21.4 (4th ed.) (explaining that negotiable instruments "include drafts, checks, notes, and certificates of deposit). Dishonor of a negotiable instrument occurs when the negotiable instrument is presented by the holder but unpaid. *See* Mo. Ann. Stat. § 400.3-502.

Bey alleges that the signed billing statements he returned to JPMC are negotiable instruments. They are not. The signed billing statements do not include an unconditional promise to pay a fixed amount of money, payable on demand or at a definite time, and payable to bearer or order. The signed billing statements are not checks or certificates of deposit, and JPMC could not present the signed billing statements to anyone and demand money. As a result, they are not negotiable instruments. *Cf. Keller*, 2024 WL 4980793, at *2 (finding that plaintiff did not create a negotiable instrument when he returned a monthly mortgage slip to his creditor with the words "accepted for deposit" and "pay to bearer" but did not include payment).

8

Even if Bey's signed billing statements were negotiable instruments, his claim still fails because Bey did not provide notice of dishonor. Notice of dishonor is a condition precedent to bringing a claim for dishonor. *See Eaves v. Keeton*, 193 S.W. 629, 631 (Mo. Ct. App. 1917). Bey does not allege that he provided JPMC notice of dishonor. As a result, this claim will be dismissed.

### C. Bey fails to state a claim for declaratory relief.

Bey asks me to declare that his obligation to JPMC has been satisfied and to enjoin JPMC from adverse credit reporting, collection activity, and closing his account. Because JPMC was not obligated to decrease Bey's debt when it received his signed billing statements, he is not entitled to this relief.

### D. Bey fails to prove subject-matter jurisdiction.

JPMC also argues that I lack subject-matter jurisdiction over this case. Bey alleges that diversity jurisdiction exists here under 28 U.S.C. § 1332. Bey does not allege any claims that would give rise to federal question jurisdiction.

According to his complaint, Bey purports to be acting in a fiduciary capacity for another under a valid Power of Attorney. *See Associated Ins. Mgmt. Corp. v. Arkansas General Agency, Inc.*, 149 F.3d 794, 796 (8th Cir. 1998) (explaining that "complete diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a) is tested by the citizenship of the real parties to the controversy, and the citizenship of an agent who merely sues on behalf of the real parties must be ignored"). The Power

9

of Attorney attached to the complaint specifies that the principal is "DARNELL JEROME MURPHY BEY" and lists a street address for that individual but does not specify in which city or state the address is located. As a result, Bey does not meet his burden to prove complete diversity of citizenship in this case. *See Walker by Walker v. Norwest Corp.*, 108 F.3d 158, 162 (8th Cir. 1997) (citation omitted) (stating that it is the plaintiff's burden "to plead, and if necessary, prove diversity").

### E.  Bey's motion for leave to file amended complaint will be denied.

On June 30, 2025, Bey moved to amend/correct his complaint. He seeks to clarify the real party in interest as his trust, confirm his standing as fiduciary agent, expand upon contract terms, UCC presentment, and commercial dishonor, and establish jurisdiction under federal question and diversity.

Rule 15(a) provides that courts "should freely give leave [to amend pleadings] when so justice so requires." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008) (quoting FED. R. CIV. P. 15(a)). "But parties do not have an absolute right to amend their pleadings" and courts may deny motions to amend if "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Id.* (citation omitted).

Bey's motion will be denied as futile for the following reasons. First, the motion fails to comply with the Local Rules as no amended complaint is attached to

10

Case: 4:25-cv-00721-RWS   Doc. #: 18   Filed: 07/22/25   Page: 11 of 12 PageID #: 122

the motion. *See* E.D. Mo. L.R. 4.07 (requiring proposed amended pleadings to be submitted at the motion for leave to amend is filed). Second, the motion impermissibly seeks to substitute the Darnell Murphy Bey Trust as the plaintiff and real party in interest, to be represented by Bey. *See Knoefler v. United Bank of Bismarck*, 20 F.3d 347, 348 (8th Cir. 1994) ("A nonlawyer . . . has no right to represent another entity, i.e., a trust, in a court of the United States."). Finally, because Bey's proposed amended complaint is not attached to his motion, I am left to speculate as to what he plans to plead. Regardless, based on Bey's allegations, no amendment will make his claims viable, as this Court has routinely rejected nearly identical claims. *See, e.g.*, *Hurt* 2023 WL 8088601, at *5 (denying motion to amend frivolous complaint). As a result, his motion will be denied as futile.

## CONCLUSION

Bey has failed to state a claim for breach of contract, dishonor of a negotiable instrument, and declaratory and injunctive relief. As a result, JPMC's motion to dismiss will be granted. In addition, Bey's motion for leave to amend/correct complaint will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant JP Morgan Chase & Co.'s motion to dismiss [8] is **GRANTED**. Plaintiff Darnell Bey's complaint [1] will be **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff Bey's motion for leave to amend/correct complaint [15] is **DENIED**.

A separate Judgment in accordance with this Memorandum and Order will be entered on this same date.

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of July 2025.